## JENNIE BALLARD v. NEW YORK ETC. R. CO.

ERROR TO THE COURT OF COMMON PLEAS OF CRAWFORD COUNTY.

Argued April 29, 1889—Affirmed at Bar.

1. In an action against a railroad company to recover damages for negligence resulting in the death of a locomotive engineer in its employ, a fireman is not a competent witness to testify, as an expert, to the necessity of a safety-switch at the place of the injury.
2. When, in such an action, neither the manner in which the injuries were received, nor that there was negligence on the part of the defendant company or its employees, is shown by the plaintiff's evidence, it is not error to enter a judgment of compulsory nonsuit.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 411 January Term 1887, Sup. Ct.; court below, No. 51 May Term 1885, C. P.

On March 9, 1885, Jennie Ballard, for herself and for her minor children, Lenore A. Ballard and Mary I. Ballard, brought an action in case against the New York, Lake Erie & Western Railroad Company, to recover damages for injuries resulting in the death of her husband, A. L. Ballard, and alleged to have been caused by the negligence of the defendant.

Statement of Facts.

At the trial on February 28, 1887, the plaintiff's case was to this effect:

A. L. Ballard at the time of his death was a locomotive engineer in the employ of the defendant. About five o'clock on the morning of December 15, 1884, when it was still dark, he was seen upon the seat at the right side of the locomotive cab, while the train was going west. When next seen, he was lying on the floor of the cab on his back, face upwards, with his head near the feet of the brakeman, and his skull fractured.

The accident occurred near the east end of a siding. On this siding, the evening before, there was a box car, some 275 feet from the switch. On the following morning, this car was near the switch, at the east end of the car, at a point where the rails of the side track were four feet eight inches from the rails of the main track. There was no evidence as to how the car came to be in this position.

The track of the siding was nearly on a level, and the evidence showed that an ordinary freight car projects over the rails about one foot and ten inches. As to how far a locomotive cab thus projects, did not clearly appear.

A. W. Brown, a witness called for the plaintiff, was sworn and testified:

Q. You may state if you have worked considerable on the railroad and in what position? A. I have been employed about seven years as a fireman. Q. You may state if you visited this locality at the instance of the plaintiff in this case the other day? A. I did; I was up there and looked over the ground. Q. State if you examined the siding there? A. I did. Q. You may state if you are acquainted with a device called a safety-switch? A. I am. Q. Explain to the jury what that device is for? A. A safety-switch is for cars thrown in on a side track; in case they get away, or anything of the sort, they would run off the track without running on to the main line. Q. What causes the moving of cars on the siding on to the main track? A. There are different causes; the wind will move a car occasionally; an engine or train backing in or pulling in, will move cars.

The following offer was then made:

" Plaintiff's counsel offer to prove by the witness who has operated a machine for seven years that a certain device is

necessary to the safety of persons working that machine; therefore, I ask him whether in his experience as a railroad man there should have been a safety-switch at this place."

Defendant's counsel object.

By the court: Objection sustained, because the court thinks this witness is not a sufficient expert upon the particular point interrogated. Offer overruled; exception.[1]

Several other like offers to prove by the witness the necessity for a safety-switch at the point in question, were overruled by the court for like reasons, and exceptions sealed for the plaintiff.

At the close of the plaintiff's testimony, the court, on motion made, entered judgment of compulsory nonsuit, and subsequently discharged a rule to show cause why the judgment should not be vacated. Thereupon the plaintiff took this writ, assigning as error the refusal of the plaintiff's offers of testimony, and of his motion to vacate the judgment of compulsory nonsuit.

*Mr. G. W. Haskins*, for the plaintiff in error.

*Mr. F. P. Ray*, for the defendant in error.

PER CURIAM:
On the argument at Bar.

Judgment affirmed.